UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 21-13328-MER |
| SUMMIT FAMILY RESTAURANTS INC. | ) ) | |
| | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtor. | ) | |

**MOTION FOR APPROVAL OF RETAINER**

The Debtor and Debtor-in-Possession, Summit Family Restaurants, Inc. ("Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for an Order approving the retainer paid to bankruptcy counsel and as grounds therefor states as follows:

1. The Debtor filed its Voluntary Petition pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code on April 6, 2021 in the Bankruptcy Court for the District of Arizona under Case Number 21-02477-BKM. On June 23, 2021, venue of the case was transferred to the Bankruptcy Court for the District of Colorado. The Debtor remains debtor in possession.

2. On July 12, 2021, the Debtor filed its Application to Employ the firm of Kutner Brinen Dickey Riley, P.C. ("KB") to represent it as bankruptcy counsel in this case, substituting KB for the Sacks Tierney P.A.

3. KB was paid a post-petition retainer for undertaking this matter in the amount of $40,000.00. The source of the retainer was Starts, Inc., any entity with common ownership with Debtor.

4. The payment of a retainer is consistent with 11 U.S.C. § 328 and is a reasonable basis for employment. Given the nature of this case, the fees and costs may exceed the amount of the retainer. Since the retainer will secure post-petition fees and costs as they are incurred and approved by the Court, the approval of the retainer may be governed by 11 U.S.C. §§ 363 and 364(c)(2). Therefore, notice is being provided to creditors under Local Rule 9013-1 and Bankruptcy Rules 2002 and 4001.

5. The retainer is property of the estate and will be used to secure and pay fees and costs incurred in the Chapter 11 case.

6. With respect to the post-petition retainer, the Debtor and counsel have considered the factors in <u>In re Jefferson Business Center Associates</u>, 135 B.R. 676, 680 (Bankr. D. Colo. 1992) as follows:

    a. The retainer's economic impact on the debtor's ongoing business operation;

    b. The retainer's economic interest on the ability of the debtor to reorganize;

    c. The amount and reasonableness of the retainer;

    d. The reputation of debtor's counsel;

    e. The ability of debtor's counsel to disgorge such payments at the conclusion of the case should this Court determine fees paid to counsel are not justified; and

    f. The particular circumstances of the case.

7. As to the first and second factor, the impact of the retainer on the Debtor is negligible. As noted, the source of the retainer is Starts, Inc., whose cashflow has no bearing on the cash flow of Debtor.

8. As to the third factor, the amount of the retainer is modest for Chapter 11 cases in this District and is reasonable under the circumstances given the work still to be done, including litigating the amount of Debtor's landlord's administrative claim, Debtor's eligibility to be a debtor under Subchapter V of the Bankruptcy Code, and plan confirmation.

9. The attorneys of Kutner Brinen Dickey Riley, P.C. are experienced bankruptcy practitioners in front of this Court.

10. KB will hold the retainer in its COLTAF account pending approval of the retainer and approval of any fees and costs incurred. Accordingly, KB has the ability to disgorge the retainer should the Court so require.

11. As to the final factor, the Debtor has opted to find new bankruptcy counsel as a result of the case changing venue from Arizona to Colorado. Absent a post-petition retainer, the Debtor would be unable to replace its counsel. Thus, the particular circumstances of this case support approval of the post-petition retainer.

12. With respect to the retainer from Starts, Inc., KB has endeavored to comply with the factors establish by *In re Lotus Properties, LP*, 200 B.R. 388 (Bankr. C.D. Cal. 1996). As stated in the attached Affidavit from Starts, Inc., there is no creditor/debtor relationship between Starts, Inc. and the retainer funds were not intended to be a loan. Starts, Inc. understands there is

no attorney-client relationship between it and KB, and KB's exclusive duty of loyalty is to Debtor. Starts, Inc. had the opportunity to consult with independent counsel regarding the retainer and its relationship with KB. A true and correct copy of the Affidavit of Ron Dowdy, Starts, Inc.'s Treasurer is attached hereto as **Exhibit 1**.

WHEREFORE, the Debtor prays that the Court make and enter an order, after notice with opportunity for a hearing, approving the retainer, and for such further and additional relief as to the Court may appear proper.

DATED: July 16, 2021            Respectfully submitted,

By:/s/ *Jonathan M. Dickey*
Jonathan M. Dickey, #46981
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jmd@kutnerlaw.com
Telephone: 303-832-3047

# CERTIFICATE OF SERVICE

I certify that on July 16, 2021, I served a complete copy of the **MOTION FOR APPROVAL OF RETAINER AND NOTICE OF MOTION FOR APPROVAL OF RETAINER** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Robert Samuel Boughner, Esq.
US Trustee's Office
Byron G. Rogers Federal Building
1961 Stout Street
Suite 12-200
Denver, CO 80294

Sierra M. Minder, Esq.
Wesley Denton Ray, Esq.
Philip R. Rudd, Esq.
Sacks Tierney P.A.
4250 North Drinkwater Blvd.
4th Floor
Scottsdale, AZ 85251

Christopher C. Simpson, Trustee
Osborn Maledon PA
2929 North Central Avenue
Suite 2100
Phoenix, AZ 85012

Matthew D. Skeen, Jr., Esq.
217 East 7th Avenue
Denver, CO 80203

D. Lamar Hawkins, Esq.
Guidant Law Firm
402 East Southern Avenue
Tempe, AZ 85282

Patty Chan, Esq.
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003

Bradley D. Pack, Esq.
Engelman Berger, P.C.
2800 North Central Avenue
Suite 1200
Phoenix, AZ 85004

Christopher J. Dawes, Esq.
Fox Rothschild – Denver
1225 17th Street
Suite 2200
Denver, CO 80202

Patrick F. Keery, Esq.
Keery McCue, PLLC
6803 East Main Street
Suite 1116
Scottsdale, AZ 85251

Heather L. Ries, Esq.
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401-6159


/s/Vicky Martina
**Vicky Martina**
**Kutner Brinen Dickey Riley PC**