**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>SUMMIT FAMILY RESTAURANTS, INC.<br><br>Debtor. | Case No. 21-13328 MER<br><br>Chapter 11<br>Subchapter V |

**ORDER AND NOTICE OF HEARING BY VIDEO CONFERENCE**

NOTICE IS HEREBY GIVEN that a hearing on BSV Lamont JCRS LLC's Motion to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. §§ 365(d)(3) and 503(b)(1) for Post-petition Amounts Due for Rents on a Non-residential Lease has been set on **Wednesday, August 25, 2021, at 10:00 a.m.,** by Zoom video conference.[1] Counsel and/or parties should not appear in person. This matter has been set for one-day.

A complete list of all video conference participants (attorneys and witnesses), **with the participants' email addresses,** shall be delivered to chambers by email to MER_Courtroom@cob.uscourts.gov on or before **August 20, 2021.** For security reasons, the Zoom video conference details will not be posted publicly. The Court will send Zoom invitations via email to counsel and/or parties within one day of the hearing. Counsel and/or parties shall not, under any circumstances, share, post, and transmit the Zoom video conference link, meeting ID, or password.

IT IS ORDERED that:

1. **Discovery**. The response time to all discovery requests is shortened to 14 days. Discovery must be completed by **August 11, 2021**. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date. The special provisions regarding limited and simplified discovery as specified in Local Bankruptcy Rule 7026-2 shall apply in this contested matter. All discovery disputes in this matter are subject to L.B.R. 9013-1(g) and L.B.R. 7026-1(d).

2. **Supplemental Briefing**. Any supplemental briefs must be filed by **August 11, 2021.**

3. **Witnesses and Exhibits**. The requirements in this Order specifically supersede the requirements in Local Bankruptcy Rule 9070-1. The parties shall exchange witness lists and exhibits, on or before **August 11, 2021**. A List of Witnesses and Exhibits shall be filed with the Court on or before **August 11, 201**, substantially in the form of L.B. Form 9070-1.1. Expert witnesses must be identified. Do not file the actual exhibits unless otherwise directed by the Court. Any illustrative aids to be used at trial in opening statements, with a witness, or in closing arguments, shall be exchanged by **August 11, 2021**.

---

[1] If the parties determine an in-person hearing is feasible, please contact chambers immediately as the pre-hearing requirements will change.

    a.    The parties must exchange FULL SETS of intended exhibits, including all possible rebuttal exhibits, prior to trial.  Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.

    b.    Exhibits must be marked for identification (Movant -numbers and Respondent-letters).

    c.    Multi-page exhibits should be individually page-numbered.

    d.    Expert witnesses must be specifically identified.

    e.    A pdf copy of each exhibit, including all possible rebuttal and impeachment exhibits, and a complete list of all video conference participants (attorneys and witnesses), shall be delivered to chambers on or before **August 20, 2021,** by thumb drive.  The thumb drives shall be placed in an envelope addressed to "MER Chambers" and deposited in the drop box in the lobby of the Custom House at 721 19th Street, Denver, Colorado. [2]  It is counsel's and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the Zoom video conference.  The parties are encouraged to confer and, if possible, prepare a set of stipulated exhibits prior to the hearing for use by the Court and all parties.  Each exhibit must be saved as a separate file.

    f.    Written objections directed to the witnesses or exhibits must be filed with the Court and served on opposing counsel or party on or before **August 18, 2021,** otherwise all objections except as to foundation and relevancy are waived.

    g.    Copies of contested exhibits must be attached to the filing of objections for the Court's prior review, unless the nature of the objection involves the fact that the party proffering the exhibit has failed to adequately identify and/or exchange it.

    h.    While objections to exhibits will be deemed waived unless the objector complies with this paragraph, only those exhibits which are specifically admitted during the evidentiary hearing will be considered by the Court and become part of the evidentiary hearing record.

    i.    In accordance with L.B.R. 9070-1(e), upon the conclusion of the trial or hearing, the attorneys or parties must retain custody of their respective original exhibits and deposition transcripts until all need for the exhibits and deposition transcripts has terminated and the time for appeal has expired, or all appellate proceedings have been terminated, plus 60 days.  In the event an appeal is filed, the attorneys or parties must provide their exhibits to the appellate court pursuant to the appellate court's direction.

4.    **Stipulated Facts**.  The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, which list shall be filed with the Court on or before **August 11, 2021**.  If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed.  Failure to file this required document will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.

---

[2] Federal Express or other overnight delivery packages may be addressed to U.S. Bankruptcy Court, Attn:  MER Chambers, 721 19th Street, Denver, CO  80202.
Phone number:  720-904-7303.

5. **Notification of Settlement**. To facilitate court preparation for this hearing, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing. Parties shall contact chambers staff by telephone at 720-904-7413 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated. Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained. If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear, either in person or by telephone, at the scheduled hearing time to read the terms of any settlement into the record.

6. **Court Appearances:** If a party does not join the video conference, it will be deemed a failure to appear. Failure to connect to the video conference in a timely manner will preclude participation in the hearing. The Court strongly encourages all participants to read the Court's guidelines for zoom video conferences on its website in advance of the hearing.

7. **Closing Arguments.** For all contested hearings set for one day or longer, it is the practice of this Court to request the parties to provide written closings, with legal authority and citations to the trial record, at a date to be determined after the close of evidence. Motions requesting conventional oral closings may be tendered to the Court prior to the start of trial.

8. **Zoom Training. All parties scheduled to take part in the hearing are encouraged to test all equipment ahead of time** by taking part in the Court's Zoom training sessions on Wednesdays at 8:30 a.m. More information on the training sessions is available on the Court's website at https://www.cob.uscourts.gov/zoom-video-conferences.

    Parties who have not tested equipment ahead of time may be excluded from the hearing. All parties should read the Court's guidelines for zoom video conferences on its website in advance of the video test. If additional or alternate training times are desired, please contact chambers.

Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies. Violation of this prohibition may result in sanctions as deemed necessary by the Court.

**Failure to file any of the required documents as set forth above will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.**

Dated July 21, 2021                    BY THE COURT:

                                       Michael E. Romero, Chief Judge
                                       United States Bankruptcy Court