UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 21-13328-MER |
| SUMMIT FAMILY RESTAURANTS ) | |
| INC. ) | |
| ) | Chapter 11 |
| ) | Subchapter V |
| Debtor. ) | |

**MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. § 365(f)**

Summit Family Restaurants, Inc., Debtor-in-Possession herein, by and through its undersigned counsel, hereby submits its Motion to (a) Approve Purchase and Sale Agreement For the Sale of Substantially all of Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances, pursuant to 11 U.S.C. §§ 363(b) and (f) and to Assume and Assign Unexpired Lease Pursuant to 11 U.S.C. § 365(f) (the "Motion"). In support of the Motion, Summit Family Restaurants, Inc. states as follows:

### I. BACKGROUND

1.  Summit Family Restaurants, Inc. ("Debtor" or "Summit") filed for relief under chapter 11 of the Bankruptcy Code on April 6, 2021 in the Bankruptcy Court for the District of Arizona under Case Number 21-02477-BKM. On June 23, 2021, venue of the case was transferred to the Bankruptcy Court for the District of Colorado under this case number. Debtor is acting as debtor-in-possession.

2.  Debtor owns and operates the famous Casa Bonita restaurant, located at 6715 W. Colfax Avenue, Lakewood, Colorado 80214. The intellectual property associated with Casa Bonita is owned by a different company, Casa Bonita Denver, Inc. ("CBDI").

<u>Secured Claims</u>

3.  Summit did not identify any secured claims on its Schedule D. During the course of the case, three secured claims were filed: (a) the secured claim of the Internal Revenue Service (the "IRS") in the sum of $175,910.04; (b) the secured claim of the U.S. Small Business Administration

("SBA") in the sum of $154,176.37; and (c) the secured claim of the Jefferson County Treasurer in the sum of $21,985.70. Summit does not dispute any of that debt. The total secured debt in the case, therefore, equals $352,072.11.

### The Landlord

4. On or about September 12, 2014, Summit entered into a Shopping Center Lease, Lease Agreement with BSV Lamont JCRS LLC ("BSV") under which Summit leases the premises located at 6715 W. Colfax Avenue, Lakewood, Colorado (the "Lease").

5. BSV filed a proof of claim asserting pre-petition damages against Summit in the amount of $1,064,529.05, including unpaid pre-petition rent and amounts alleged due under a certain liquidated damages clause. While Summit is current on its post-petition rental obligations, BSV alleges post-petition liquidated damages are due and owing as well.

6. BSV and Summit entered into a Stipulation resolving BSV's claims in the bankruptcy case. The parties agreed BSV's damages claim is a general unsecured claim in the sum of $900,000.00, which amount is required to be paid under the Lease to cure the obligations thereunder. While nothing in the agreement between BSV and Summit alters Summit's ongoing obligation to pay rent, BSV has agreed to accept the sum of $900,000 in full and final satisfaction of all other sums due and owing. The parties are documenting the Stipulation, and the same will be filed with the Court at that time.

### Unsecured creditors

7. After consideration of the secured claims and the settled claim of BSV, there remains an estimated $1,640,122.71 in outstanding claims, which amount includes estimated administrative claims, and of which $1,480,003.04 are disputed or contingent. A true and correct analysis of the outstanding claims in the case is attached hereto as **Exhibit 1**.

8. Summit received two PPP loans from the SBA. As noted on the Claims Analysis, the first PPP loan was forgiven in its entirety and deemed paid in full. The second outstanding PPP loan makes up $1,001,563 of the $1,640,122.71 in unsecured claims. Summit expects most, if not all, of that loan will be forgiven. Out of an abundance of caution, however, the full $1,001,563 is included in the Claims Analysis.

9. The other disputed claim in this case is the litigation claim of Samuel Hernandez. Mr. Hernandez filed an unsecured claim in the sum of $478,440.04. As with the PPP loan, out of an abundance of caution, the full amount of $478,440.04 is included in the universe of potential claims.

The Asset Purchase Agreement

10. On or about September 23, 2021, Summit entered in an Asset Purchase Agreement (the "APA") with the Beautiful OPCO, LLC (the "Buyer"). In relevant part, the APA provides Buyer is purchasing substantially all of Summit's assets for the sum of $3,100,000.00 (the "Purchase Price"). A true and correct copy of the fully executed APA is attached hereto as **Exhibit 2**.[1]

11. Buyer will wire the Purchase Price to Summit at closing. Other than as described herein, Summit will use the Purchase Price to fully and finally wind up its affairs through a Plan of Liquidation. Given Summit's Claims Analysis, the Purchase Price is in an amount sufficient to pay all claims in the case with room to spare.

12. Summit picked this Buyer out of other interested parties. To that end, the APA specifically forbids Summit from soliciting other bids. Given the Buyer's offer is sufficient to pay all claims in the case in full, and that Buyer has committed significant time and resources to negotiating the terms of the APA at arm's length, Summit asserts said term is commercially reasonable.

13. As part of the APA, Summit is assigning the Lease to the Buyer and Buyer is assuming the Lease. The APA contemplates Summit using $900,000.00 of the Purchase Price to cure Summit's obligation to BSV. BSV has agreed to said treatment. The ongoing obligations under the Lease are the sole and exclusive obligation of Summit which Buyer is assuming under the APA.

14. In accordance with L.B.R. 6004-1(b), Summit highlights the following terms of the APA:

    a. **Private Sale/No Competitive Bidding**. As noted, the proposed sale is a private sale and the APA specifically forbids Summit from soliciting other bids. Given the Purchase Price is sufficient to pay all creditors in full, Summit asserts the term is reasonable.

    b. **Closing and Other Deadlines**. The Closing Date has been set for two-days following the conclusion of all conditions precedent to closing, which are described in Article IX and X of the APA. It is anticipated closing will take place within two (2) days after the order approving this Motion is considered final.

---

[1] A separate Asset Purchase Agreement was entered into between CBDI and The Beautiful House, LLC, an entity related to the Buyer. Because CBDI is not a debtor in bankruptcy, the agreement between CBDI and The Beautiful House, LLC is not subject to the jurisdiction of this Court.

  c. **Use of Proceeds**.  This sale motion requests authority for Summit to immediately distribute the sum of $900,000.00 of the Purchase Price to BSV without further Order from the Court.  The $900,000.00 represents the agreed cure obligation to BSV which will allow Summit to assume and assign the Lease to Buyer.  The remaining proceeds will be placed in Summit's Debtor-in-Possession account and used to fund a liquidating subchapter v Plan to pay the remaining creditors in full.  Debtor will not use the Purchase Price for any purpose without further Order of this Court.

  d. **Record Retention**.  Notwithstanding the sale of substantially all of its assets, Summit will retain access to all of its books and records as necessary to administer its bankruptcy estate.

  e. **Successor Liability**.  Summit and Buyer seek a finding that Buyer is not a "successor" to Summit or its bankruptcy estate by any theory of law or equity.

  f. **Relief from Fed.R.Bankr.P. 6004(h)**.  Summit seeks relief from the fourteen-day stay imposed by Fed.R.Bankr.P. 6004(h).

## II. RELIEF REQUESTED

<u>Approval of the APA</u>

15. The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion.  *In re WPRV-TV, Inc*., 983 F.2d 336, 340 (1st Cir. 1993); *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 760 F.2d 1334, 1346 (2d Cir. 1985); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1069 (2d Cir. 1983).

16. "In order to approve a sale of substantially all the Debtor's assets outside the ordinary course of business, the following elements must be met.  The Debtor must show (1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith."  *In re Med. Software Solutions*, 286 B.R. 431, 439-440 (Bankr. D. Utah 2002).

17. A sound business reason exists for the sale.  The sale under the APA maximizes the value of Casa Bonita and provides Summit with sufficient resources to pay all its creditors in full.

18. There has been adequate and reasonable notice to interested parties. The sale in this case has generated national attention. Summit filed a Status Report on August 18, 2021 advising the Court and parties in interest regarding the sale plan. Additionally, notice of this Motion is being provided to all creditors in accordance with Fed.R.Bankr.P. 2002 and L.B.R. 2002-1.

19. Finally, the Purchase Price is fair and reasonable. While there could be the potential for a higher purchase price for Summit's assets if the sale was subject to competitive bidding, the Purchase Price is sufficient to pay all Summit's creditors in full, and Summit selected the Buyer as the best steward for Casa Bonita moving forward.

20. The Buyer is proceeding in good faith. While the Bankruptcy Code does not define "good faith," courts have held that for purposes of section 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value" and that lack of good faith is shown by fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. *In re Abbots Diaries of PA.*, 788 F.2d 143, 147 (3d Cir. Pa. 1986); *In re Tempo Technology Corp.*, 202 B.R. 363, 367 (D. Del. 1996).

21. The sale is the product of arm's length negotiations between Summit and the Buyer. The Buyer is a neutral third-party buyer with no prior connection to Summit or its management. The sale to the Buyers is in good faith and for fair market value.

22. Summit further requests the sale of substantially all its assets to Buyer be free and clear of all liens, claims, and encumbrances except those expressly assumed and assigned. Pursuant to 11 U.S.C. § 363(f)(3), a debtor may sell property "free and clear of any interest in such property" if the sale price is greater than the aggregate amount of the liens against the property. Here, the Purchase Price is $3,100,000.00. The liens against Summit's assets total approximately $352,072.11. Thus, the sale of substantially all Summit's assets to the Buyer free and clear of any liens, claims and encumbrances is appropriate pursuant to 11 U.S.C. § 363(f)(2).

23. The Buyer here is also requesting that the Court find that it is not a "successor" to the debtor for purposes of successor liability. While there is some law to the contrary, the modern trend in the law is to read § 363(f)'s "interest in such property" language broadly to include not just liens against the property being sold, but also claims that arose from ownership of the property. *See In re Chrysler LLC*, 576 F.3d 108, 123–26 (2d Cir.2009) (product liability claims), *vacated as moot sub nom. Ind. State Police Pension Trust v. Chrysler LLC,* 558 U.S. 1087, 130 S.Ct. 1015, 175 L.Ed.2d 614 (2009); *In re Trans World Airlines, Inc.*, 322 F.3d 283, 288–90 (3d Cir.2003) (airline workers' employment discrimination claims and flight attendants' rights under travel voucher program); *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581–82, 585 (4th Cir.1996) (debtors' obligation to pay

premiums under federal statutes imposing liability on "operators," "related persons," and "successors in interest"); *In re PBBPC, Inc.*, 484 B.R. 860, 867–70 (1st Cir. BAP 2013) (unemployment agency's right to tax asset purchaser based on asset seller's experience rating); see also *Ouray Sportswear, LLV v. Indus. Claim Appeals Off.*, 315 P.3d 1280, 1282-83 (2013) (bankruptcy court may authorize sale free and clear of successor liability claims); 3 Alan M. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 363.06(1) (16th ed. 2013) ("[T]he trend seems to be in favor of a broader definition that encompasses other obligations that may flow from ownership of the property.").

24. The sale of substantially all of Summit's assets to Buyer in accordance with the terms of the APA, free and clear of all liens, claims, and encumbrances, including any successor liability claims, is in the best interest of Summit, its estate, and its creditors. The sale will allow Summit to maximize the value of its assets, and to pay all allowed claims in full.

Assumption and Assignment of the Lease.

25. Summit further seeks authorization to assume the Lease and assign the Lease to Buyer upon closing of the Sale. The Lease is attached hereto as **Exhibit 3**.

26. Pursuant to 11 U.S.C. § 365(f)(2), a debtor may assign an executory contract or unexpired lease if the debtor assumes the lease in accordance with Section 365 and "adequate assurance of future performance by the assignee of such contract of lease is provided, whether or not there has been a default in such contract of lease."

27. Assumption or rejection of executory contracts or unexpired leases by a debtor is subject to Court review under the business judgment standard. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

28. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract or an unexpired lease should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under Section 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion." *Chipwich, Inc.,* 54 B.R. 430-31. As stated by one court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

29. Summit, in exercising its business judgment, has determined the Lease provides a

benefit to the estate, as it is through maintaining the Lease that Casa Bonita can remain in operation. BSV has agreed to accept the sum of $900,000.00 from Summit out of the Purchase Price to cure any and all outstanding defaults and has consented to assumption of the Lease from the Buyer.

30. There is adequate assurance of future performance by Buyer. Buyer has significant resources and has partnered with an entity with substantial experience in the hospitality industry, who owns and operates a number of restaurants in the greater Denver area. Between Buyer's experience and resources, there is adequate assurance of further performance by the Buyer.

WHEREFORE, the Debtor requests the Court enter an Order:

(a) Authorizing Summit to sell substantially all its assets to Buyer, pursuant to the APA, and for the sum of $3,100,000.00, other than in the ordinary course of business, free and clear of all liens and interests pursuant to 11 U.S.C. § 363(b) and (f) with any liens and other interests attaching to proceeds of sale;

(b) Authorizing Debtor to assume and assign the Lease to Buyer, and to distribute the $900,000.00 cure amount to BSV after closing of the sale and without further Order of this Court;

(c) Suspend the fourteen-day stay of Fed.R.Bankr.P. 6004(h); and

(d) For such other and further relief as the Court deems appropriate.

DATED this 27th day of September, 2021.

Respectfully submitted,

*/s/Jonathan M. Dickey*

_____
Jonathan M. Dickey, #46981
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jmd@kutnerlaw.com
Telephone: 303-832-3047
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2021, I served a complete copy of the foregoing **MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTION 363(b) AND (f); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. SECTION 365(f) AND NOTICE OF MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTION 363(b) AND (f); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. SECTION 365(f)** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Robert Samuel Boughner, Esq.
US Trustee's Office
Byron G. Rogers Federal Building
1961 Stout Street
Suite 12-200
Denver, CO 80294

Christopher C. Simpson, Trustee
Osborn Maledon PA
2929 North Central Avenue
Suite 2100
Phoenix, AZ 85012

Matthew D. Skeen, Jr., Esq.
217 East 7th Avenue
Denver, CO 80203

D. Lamar Hawkins, Esq.
Guidant Law Firm
402 East Southern Avenue
Tempe, AZ 85282

Patty Chan, Esq.
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003

Bradley D. Pack, Esq.
Engelman Berger, P.C.
2800 North Central Avenue
Suite 1200
Phoenix, AZ 85004

Christopher J. Dawes, Esq.
Fox Rothschild – Denver
1225 17th Street
Suite 2200
Denver, CO 80202

Patrick F. Keery, Esq.
Keery McCue, PLLC
6803 East Main Street
Suite 1116
Scottsdale, AZ 85251

Heather L. Ries, Esq.
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401-6159

Jefferson County Treasurer
100 Jefferson County Pkwy
2520
Golden, CO 80419

| | |
|---|---|
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | The Beautiful Opco, LLC<br>2381 Rosecrans Ave., Suite 350<br>El Segundo, CA 90246<br>Attn: General Counsel |
| United States Small Business Administration<br>c/o Ted Lam, District Counsel<br>312 N. Spring Street, 5th Floor<br>Los Angeles, CA 90012 | The Beautiful Opco, LLC<br>c/o DLA Piper LLP (US)<br>2000 Avenue of the Stars<br>North Tower, Suite 400<br>Los Angeles, CA 90067 |

**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen Dickey Riley PC**