| Fill in this information to identify your case | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO** | | |
| Debtor 1: Summit Family Restaurants, Inc. <br> First Name   Middle Name   Last Name | Case #: | 21-13328-MER |
| Debtor 2: <br> First Name   Middle Name   Last Name | Chapter: | 11 Subchapter V |

## Local Bankruptcy Form 9013-1.3
## Movant's Certificate of Non-Contested Matter and Request for Entry of Order

**Complete applicable sections.**

### Part 1  Certificate

On September 7, 2021, Christopher C. Simpson, Subchapter V Trustee (the "Movant"), filed a motion or application pursuant to L.B.R. 2002-1 or 9013-1 entitled, *First Interim Fee Application for Compensation as the Subchapter V Trustee* (the "Motion") at docket no. 118. Movant hereby certifies that the following is true and correct:

1. Service of the Motion, Notice, and Proposed Order were timely made on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules as is shown on the Certificate of Service, L.B.F. 9013-1.2, previously filed with the Motion on September 7, 2021 – Dkt 118 and September 9, 2021 – Dkt. 121.
    a. **[complete if applicable]** Mailing or other service of the Notice was timely made on all other creditors and parties in interest pursuant to L.B.R. 2002-1 and 9013-1 (or in the manner permitted by Court order, a copy of which is attached), as is shown on the Certificate of Service, L.B.F. 9013-1.2, previously filed with the Notice on _____ **[month/day/year]**.
2. The docket numbers for each of the following relevant documents are:
    a. the Motion and all documents attached thereto and served therewith, docket no., 118;
    b. the Notice, docket no., 121;
    c. the Certificate of Service of the Motion and the Notice, docket no., 125;
    d. the Proposed Order, is attached hereto; and
3. No objections to or requests for hearing on the Motion were received by the undersigned, or filed with the Court by the date designated in the Notice, or all objections have been resolved by Court order.

Accordingly, Movant requests that the Court enter an order granting the requested relief.

### Part 2  Signature of Movant's Attorney or Movant (if unrepresented)

Dated: __10/13/2021_____

By: __/s/ Christopher C. Simpson_____
Christopher C. Simpson
Bar Number (if applicable): _018626 (AZ)_
Mailing Address: Osborn Maledon, PA
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
Telephone number: _602-640-9000_____
Facsimile number: __602-640-9050_____
E-mail address: _____csimpson@omlaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| SUMMIT FAMILY RESTAURANTS, INC. | Case No. 1:21-bk-013328-MER |
| Debtor | **ORDER GRANTING FIRST INTERIM FEE APPLICATION FOR COMPENSATION AS THE SUBCHAPTER V TRUSTEE** |

This matter is before the Court on the *First Interim Fee Application for Compensation as the Subchapter V Trustee* ("**Application**"), it appearing that proper notice has been given to all creditors and parties-in-interest, the deadline for objections to be filed having passed, and good cause appearing therefor,

This Application requests allowance of compensation in the amount of **$31,900**, under 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016(a) for the period of April 7, 2021 through August 31, 2021 (the "**Application Period**") and authorization of payment thereof.

Having reviewed the Application, its attachments, and the entire record in this case, this Court finds and concludes that: (i) it has jurisdiction over the matters raised in the First Fee Application under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) adequate and proper notice of the Application has been given and no other or further notice is necessary; (v) the services rendered by the Trustee during the Application Period conferred a necessary and substantial benefit to the estate

9125765

in this case, and the compensation sought in the Application is reasonable; and (vi) good cause exists for granting the relief requested in the Application. In light of the foregoing,

    IT IS HEREBY ORDERED as follows:

    1.    The Application is GRANTED;

    2.    The compensation for professional services rendered by the Trustee during the Application Period in the amount of $31,900 is approved and allowed;

    3.    Authorizing the payment of $31,900 on account of the unpaid fees incurred during the Application Period;

    4.    Authorizing any future Chapter 7 Trustee which may be appointed upon conversion of this case to pay such compensation, pursuant to 11 U.S.C. § 726; and

    5.    Granting such other and further relief as is necessary and appropriate.

**DATED AND SIGNED ABOVE**