**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>SUMMIT FAMILY RESTAURANTS INC.<br>(d/b/a Casa Bonita),<br>          Debtor. | Case No. 21-13328-MER<br>Chapter 11 |

**OBJECTION TO MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. § 365(F)**

NOW COMES Save Casa Bonita, LLC ("**Save Casa Bonita**"), as a creditor and interested party in the above-captioned chapter 11 case, by and through its undersigned counsel, and respectfully submits this objection (the "**Objection**") to the Motion to (A) Approve Purchase and Sale Agreement for the Sale of Substantially all of Debtor's Assets Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(B) and (F); and (B) to Assume and Assign Unexpired Lease Pursuant to 11 U.S.C. § 365(f) (the "**Sale Motion**").  In support of the Objection, Save Casa Bonita states as follows:

**INTRODUCTION**

The Sale Motion reflects a purchase price of $3.1 million for the Debtor's assets; however, Save Casa Bonita is willing to purchase the Debtor's assets for $3.5 million on the exact same terms and provisions of the Sale Motion. Save Casa Bonita requests that the Court deny the Sale Motion, as it does not reflect the highest and best price for the Debtor's assets.

**FACTUAL BACKGROUND**

1. The Debtor's primary asset is the renowned restaurant Casa Bonita, located in Denver, Colorado, which is located in a building owned by BSV Lamont JCRS LLC (the "**Landlord**").

2. Save Casa Bonita consists of a passionate group of local restaurateurs with years of experience and a wholehearted goal of preserving Casa Bonita for the Denver community. (*See* Declaration of Andrew Novick ("**Novick Dec.**" ¶¶ 3-5) attached hereto as **Exhibit A**.)

3. Through a Denver-based broker, Save Casa Bonita initiated conversations with the Debtor back in June of this year. On July 2, 2021, Save Casa Bonita submitted a Letter of Intent to the Debtor to purchase the Debtor's assets (and the intellectual property rights held by a non-debtor affiliate company). (*See* Novick Dec. ¶¶ 10-11.)

4. The Debtor's representative, Bob Wheaton ("**Wheaton**"), indicated that he was interested in working with Save Casa Bonita, and requested a few changes to the Letter of Intent, but otherwise maintained that he would move forward to sell Casa Bonita to Save Casa Bonita. (*See* Novick Dec. ¶¶ 10-11.)

5. However, on July 30, 2021, Wheaton, via email, communicated to Save Casa Bonita that the Debtor's "**landlord is no longer willing to consent** to settlement of pre/post-petition obligations in exchange for [the Debtor's] consent to sell Casa Bonita . . . . Without landlord consent, [the Debtor] must focus its priorities on Plan confirmation and reopening the business . . . not a sale." (*See* Novick Dec. ¶ 13.)

6. On August 5, 2021, Wheaton again emailed Save Casa Bonita, stating that the Landlord has "continued to push forward in an adversarial manner so a favorable response to our proposal seems unlikely." After this email, the Debtor ceased further communications with Save Casa Bonita. (*See* Novick Dec. ¶ 14.)

7. Upon belief, about a week later, Save Casa Bonita learned that the Debtor was negotiating with a different purchaser, Beautiful OPCO, LLC, which eventually resulted in an APA as described in the Sale Motion. (*See* Novick Dec. ¶ 15.)

8. Upon belief, the Sale Motion is the result of the Landlord's undue influence on the Debtor. By telling the Debtor that it would not consent to the sale to Save Casa Bonita, the Landlord strong-armed the Debtor into selecting the Landlord's preferred buyer for Casa Bonita. (*See* Novick Dec. ¶¶ 16-17.)

9. Save Casa Bonita proposes to purchase Casa Bonita for $3.5 million under all of the same terms and conditions as stated in the Sale Motion. Accordingly, the Sale Motion reflects a purchase price that is $400,000 lower than what Save Casa Bonita is ultimately willing to pay. (*See* Novick Dec. ¶ 18-20.)

**OBJECTION**

10. Although obtaining a mutually agreeable resolution with the Landlord is useful to effectuate a sale of Casa Bonita, getting the Landlord's consent to the proposed assignment and assumption of the Lease is not a pre-requisite of any sale, and has eliminated the Debtor's ability to engage in meaningful conversations with Save Casa Bonita about the sale of the restaurant.

11. By selling the Debtor's assets to a preferred buyer and disallowing other interested parties from participating in a sale, the Sale Motion fails to maximize value to the Estate; eschewing the possibility of any competing bids from any other potential bidder except the Landlord's chosen purchaser.

12. The Court has the authority to approve a sale under § 363(b) of the Bankruptcy Code in its reasonable discretion. *Prime Lending II, LLC v. Buerge (In re Buerge)*, Bankr. LEXIS 1264, 2014 WL 1309694 (B.A.P. 10th Cir. Apr. 2, 2014).

13. However, when a sale is of all or substantially all of the Debtor's property and proposed outside of a plan of reorganization, "the sale transaction should be 'closely scrutinized, and the proponent bears a heightened burden of proving the elements necessary for authorization.'" *In re Med. Software Solutions*, 286 B.R. 431 (Bankr. D. Utah 2002) (citing *In re Channel One Comm., Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990)); see also In re Psychrometric Sys., 367 B.R. 670, 674 (Bankr. D. Colo. 2007) ("the court must always scrutinize whether the [debtor] has fulfilled [its] duty to maximize the value obtained from a sale. . . .").

14. A key pillar of Chapter 11 is to maximize value of assets for the benefit of creditors and other parties in interest. *In re Mundy Ranch, Inc.*, 484 B.R. 416, 423 n.7 (Bankr. D.N.M. 2012) (citing *Toibb v. Radloff*, 501 U.S. 157, 163 (1991)). Further, a bedrock of Chapter 11 law is that "[c]ompetitive bidding yields higher offers and thus benefits the estate. Therefore, the objective is 'to maximize the biding, not to restrict it." *In re Atlanta Packaging Prod., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) (quoting *In re the Ohio Corrugating Co.*, 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); see also In re Financial News Network, Inc., 980 F.2d 165, 169 (2d Cir. 1992) (noting that the "substance of the bankruptcy court's principal responsibility . . . is to secure for the benefit of creditors the best possible bid . . .").

15. Here, the Sale Motion frustrates the objectives of Chapter 11 and does not represent the highest and best offer for the Debtor's assets.

16. While the proposed buyer may be proceeding in good faith, the Sale Motion is not the product of an arm's-length agreement. The Landlord's interference, the lack of certain disclosures regarding the IP rights related to Casa Bonita[1], and the complete inability for the Debtor to entertain other bids all support denial of the Sale Motion.

---

[1] As referenced by the Debtor in footnote 1 of the Sale Motion.

17. Save Casa Bonita respectfully requests that the Sale Motion and proposed transaction with Beautiful OPCO, LLC be denied, and the Court alternatively approve the sale of the Debtor's assets to Save Casa Bonita for $3.5 million, under the same terms of the APA.

## FOURTEEN-DAY STAY OF FED. R. BANKR. P. 6004(h)

Without providing any argument or justification, the Debtor has also requested that the Court suspend the fourteen-day stay of Fed. R. Bankr. P. 6004(h), which states that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Here, there is a clear objecting party in Save Casa Bonita which is proposing to purchase the debtor's assets for more than currently proposed in the Sale Motion, and the debtor has not provided any solid argument for eliminating or reducing the statutorily created fourteen-day stay of any order authorizing the use, sale or lease of property. As such, if the Court were to issue any order in favor of the Sale Motion, which it should not based upon the foregoing, the Court should not reduce any stay of such order as contemplated by Bankruptcy Rule 6004(h).

## CONCLUSION

For the reasons stated above, Save Casa Bonita respectfully requests that the Court deny the Sale Motion, and alternatively approve the sale of the Debtor's assets to Save Casa Bonita for $3.5 million under the same terms as the APA.

Dated this 18th day of October, 2021.

                MICHAEL BEST & FRIEDRICH LLP

                By: */s/ Patrick J. Bernal*
                    Patrick J. Bernal, SBN 52956
                    pjbernal@michaelbest.com

                    Attorneys for Save Casa Bonita, LLC

Patrick J. Bernal
MICHAEL BEST & FRIEDRICH LLP
8300 Arista Place
Broomfield, CO 80021-4872
Phone: 303-800-1580
Fax:    877-398-5240
pjbernal@michaelbest.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies the following parties received a true and correct copy of OBJECTION TO MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. § 365(F) and via a Notice of Electronic Filing transmitted by CM/ECF in accordance with Local Bankruptcy Rule 5005-4(a) on October 18, 2021:

Robert Samuel Boughner
Samuel.Boughner@usdoj.gov

Jeffrey S. Brinen
jsb@kutnerlaw.com, vlm@kutnerlaw.com

Christopher J. Dawes
cdawes@foxrothschild.com, rhanshe@foxrothschild.com;rgomez@foxrothschild.com

Jonathan Dickey
jmd@kutnerlaw.com, vlm@kutnerlaw.com

Eric Goldberg
eric.goldberg@dlapiper.com

Patrick F Keery
pfk@keerymccue.com, mat@keerymccue.com;mthompson@ecf.courtdrive.com

Heather L. Ries
hries@foxrothschild.com

Christopher C. Simpson, Trustee
csimpson@omlaw.com, pnieto@omlaw.com; csimpson@ecf.axosfs.com

Matthew D. Skeen
jrskeen@skeen-skeen.com


US Trustee
USTPRegion19.DV.ECF@usdoj.gov

Deanna L. Westfall
deanna.westfall@coag.gov, Robert.padjen@coag.gov; jade.darnell@coag.gov

2

Dated: October 18, 2021.

By: */s/ Patrick J. Bernal*
Patrick J. Bernal, SBN 52956
MICHAEL BEST & FRIEDRICH LLP
8300 Arista Place
Broomfield, CO 80021-4872
Phone: 303-800-1580
Fax: 877-398-5240
Email: pjbernal@michaelbest.com

2