**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | |
| | Case No. 21-13328 MER |
| SUMMIT FAMILY RESTAURANTS, INC. | |
| | Chapter 11 |
| Debtor. | Subchapter V |

**ORDER GRANTING MOTION TO (A) APPROVE PURCHASE AND SALE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND (B) TO ASSUME AND ASSIGN UNEXPIRED LEASE PURSUANT TO 11 U.S.C. § 365(f)**

THIS MATTER is before the Court on the Motion to (a) Approve Purchase and Sale Agreement For the Sale of Substantially all of Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances, pursuant to 11 U.S.C. §§ 363(b) and (f) and to Assume and Assign Unexpired Lease Pursuant to 11 U.S.C. § 365(f) ("Sale Motion") of debtor in possession Summit Family Restaurants, Inc. ("Debtor") to sell substantially all of its assets free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b) and (f)[1] to The Beautiful OPCO, LLC ("Buyer").  In connection with the Sale Motion, the Debtor sought Court approval of that certain Asset Purchase Agreement dated September 23, 2021, between the Debtor, as Seller, and the Buyer ("APA"), providing for the sale of substantially all of the Debtor's assets, as set forth in the APA ("Purchased Assets").

Pursuant to the Sale Motion, the Debtor requests that the Court enter an order, *inter alia*:

    i.     Approving the Debtor's entry into and performance under the APA;

    ii.    Approving the sale of the Purchased Assets to Buyer;

    iii.   Authorizing such sale free and clear of all liens, claims, interests, and encumbrances;

    iv.   Authorizing Debtor to assume the certain Shopping Center Lease by and between BSV Lamont JCRS LLC, a Delaware limited liability company (the "Landlord") and Debtor, dated September 12, 2014 and any amendments thereto (the "Lease"), and assign the same to Buyer;

    v.    Authorizing Debtor to immediately distribute $900,000.00 of the Purchase Price, as that term is defined herein, to the Landlord as a full and final cure of Debtor's obligations to Landlord;

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq.  All references herein to "Rule" or "Bankruptcy Rule" refer to the Federal Rules of Bankruptcy Procedure.

vi.     Providing for the liens against the Purchased Assets to be transferred to the net sale proceeds, with all such liens, claims and encumbrances to attach, in the same amount, validity, priority, enforceability, avoidability, and extent as existed prior to the sale, to the net sale proceeds;

vii.    Authorizing and directing the Debtor to promptly file an amended Chapter 11 Plan which will provide for payment of all allowed claims in full and to distribute the excess, if any, in accordance with applicable law;

viii.   Waiving the 14-day stay that would otherwise apply to this Order pursuant to Rule 6004(h); and

ix.     Granting such additional relief as the Court deems just and proper.

The Court has carefully considered the Sale Motion and the affidavit in support of the Sale Motion applying the factors set forth in *In re Allen,*[2] has noted the objection to the Sale Motion filed by Save Casa Bonita, LLC and the subsequent withdrawal of said objection, and accordingly,

THE COURT HEREBY FINDS AND DETERMINES:

A.      The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.      Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.      The statutory predicates for the relief requested in the Sale Motion are § 363 and Rule 6004;

D.      As set forth in the Certificate of Service filed with this Court in connection with the Sale Motion, notice of the hearing on the approval of the Sale Motion was duly served on all parties entitled to notice, including each entity known to the Debtor to assert a lien, claim, encumbrance, leasehold, or other interest in or against the Purchased Assets, which notice constitutes good and sufficient notice of the Sale Motion and the Sale Hearing, such that no other or further notice of the Sale Motion or the Sale Hearing or the entry of this Sale Order need be given.

E.      The legal and factual bases set forth in the Sale Motion and the record in this case establish a sufficient basis and a reasonable business purpose and judgment for the Debtor to enter into the APA, to sell the Purchased Assets to the Buyer, and to assume and assign any Assumed Contracts to the Buyer pursuant to §§ 363 and 365, and such actions are appropriate exercises of the Debtor's

---

[2] *In re Allen*, 607 Fed. App'x 840, 843 (10th Cir. 2015).  The factors include:  (1) any improper or bad motive; (2) whether the price is fair; (3) whether the negotiations or bidding occurred at arm's length; and (4) if adequate procedures were in place for the sale, including proper exposure to the market and accurate and reasonable notice to all parties in interest.

business judgment and in the best interests of the Debtor, its creditors and the Debtor's estate.

F.      The offer of the Buyer, upon the terms and conditions set forth in the APA , including the form and total consideration to be realized by the Debtor pursuant to the APA, (i) is in an amount sufficient to pay all claims against Debtor, whether disputed or otherwise, in full as represented in Exhibit 1 to the Motion; (ii) is fair and reasonable; (iii) is in the best interests of the Debtor's creditors and estate; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets; and (v) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

G.      The Buyer is unrelated to the Debtor, and the APA was negotiated and has been undertaken by the Debtor and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyer are entitled to the protections of § 363(m).

H.      The Debtor and the Buyer have, to the extent necessary, and subject to the terms and conditions set forth herein, satisfied the requirements of § 365, including § 365(b)(1) and § 365(f)(2), in connection with the sale of the Purchased Assets and the assumption and assignment of any Assigned Agreement, including the Lease. The Purchaser has demonstrated adequate assurance of future performance with respect to all Assigned Agreements, including the Lease. The assumption and assignment of the Assigned Agreements pursuant to the terms of the APA and this Sale Order is integral to the APA and is in the best interests of the Debtor, its estate, the Debtor's creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtor.

I.      The Assigned Agreements are assignable notwithstanding any provisions contained therein to the contrary. The Debtor has provided for the cures and/or other payments or actions required to assume and assign the Assigned Agreements to the Buyer. Specifically, and as described in the Motion, Debtor and Landlord have agreed Debtor shall pay $900,000.00 of the sale proceeds to the Landlord which amount is the full and final cure amount due and payable to the Landlord. The Buyer has provided adequate assurance of its future performance under the Assigned Agreements within the meaning of § 365.

J.      J.     With respect to each entity asserting a lien, lease, or other interest in the Purchased Assets, one or more of the standards set forth in § 363(f) has been satisfied.

K.      The transfer of the Purchased Assets to the Buyer will be a legal, valid and effective transfer of the Purchased Assets, and, except as may otherwise be provided in the APA, shall vest Buyer with all right, title and interest of the Debtor

to the Purchased Assets free and clear of any and all claims, encumbrances and interests, other than Assumed Liabilities (as defined in the APA). Except as specifically provided in the APA or this Sale Order, the Buyer shall not assume or become liable for any claims, encumbrances and interests relating to the Purchased Assets.

L.      In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to § 363(m) in closing the transactions contemplated by the APA at any time on or after entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Rule 6004(h).

M.      Pursuant to § 365(k), the Debtor and its estate and their successors shall be relieved from any liability for any breach of the Assigned Agreements occurring after the Closing Date (as defined in the APA).

N.      The Buyer shall have no obligations with respect to any liabilities of the Debtor other than the Assumed Liabilities and its obligations under the APA.

IT IS ORDERED:

1.      The Sale Motion is GRANTED.

2.      The purchase price of $3,100,000.00 is fair and reasonable under the circumstances and represents an amount sufficient to play all claims against Debtor, whether disputed or otherwise, in full as represented in Exhibit 1 to the Motion, and thus the sale of the Purchased Assets is approved according to the terms of the APA.

3.      The Debtor is authorized to effectuate the transfer of the Purchased Assets to the Buyer pursuant to the APA. Such transfer shall be, and is hereby deemed to be, a legal, valid, and effective transfer of the Purchased Assets, and vests with the Buyer all right, title, and interest of the Debtor and the Debtor's estate in the Purchased Assets. The Debtor is authorized to execute any and all instruments and other documents necessary or appropriate to effectuate the transfer.

4.      The Debtor is authorized to assume the Lease and assign the same to Buyer. Promptly after closing, Debtor shall pay the sum of $900,000.00 to Landlord which amount is the full and final cure amount payable to the Landlord.

5.      Subject to closing of the sale and payment of the Purchase Price, the sale of the Purchased Assets to the Buyer shall be free and clear of any and all liens, claims, interests, and encumbrances pursuant to § 363(f), with such liens to attach to the net sale proceeds in the same amount, validity, priority, enforceability, avoidability, and extent as existed prior to the sale.

6.      If any person or entity that has filed financing statements or other documents or agreements evidencing any claims, encumbrances or interests in or against the

Purchased Assets shall not have delivered to the Buyer prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Claims, Encumbrances or Interests that the person or entity has with respect to the Purchased Assets, the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets.

7.      The sale of the Purchased Assets to the Buyer under the APA will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of all applicable jurisdictions.

8.      The Buyer has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the Assumed Liabilities as set forth in the APA, and the Purchaser has not purchased any of the Excluded Assets. Consequently, pursuant to §§ 105(a) and 363, all Persons and Governmental Units (as defined in §§ 101(27) and 101(41)) are hereby enjoined from asserting or prosecuting any Claims, Encumbrances or Interests or cause of action against the Buyer or the Purchased Assets to recover on account of any liabilities of the Debtor other than Assumed Liabilities pursuant to the APA.  All persons holding or asserting any interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such claims, encumbrances or interests or cause of action against the Buyer or the Purchased Assets for any liability associated with the Excluded Assets.

9.      The Buyer has provided adequate assurance of its future performance under the Assigned Agreements and the proposed assumption and assignment of the Assigned Agreements satisfies the requirements of the Bankruptcy Code including, § 365(b)(l) and (3) and § 365(f) of the Bankruptcy Code to the extent applicable.

10.     The Assigned Agreements are valid and binding, in full force and effect, and enforceable in accordance with their terms.  Any provision in any Assigned Agreement that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtor is unenforceable, and all Assigned Agreements shall remain in full force and effect, subject only to payment of the appropriate cure amount, if any.  No sections or provisions of any Assigned Agreement that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Assigned Agreements shall have any force and effect with respect to the sale transaction and assignments authorized by this Sale Order, and such provisions constitute unenforceable anti-assignment provisions under § 365(f) and/or are otherwise unenforceable under § 365(e) and no assignment of any Assigned Agreement pursuant to the terms of the APA shall in any respect constitute a default under any Assigned Agreement.  The non-Debtor party to each Assigned Agreement shall be deemed to have consented to such assignment under § 365(c)(1)(B), and the Buyer shall enjoy all

of the rights and benefits under each such Assigned Agreement as of the applicable date of assumption without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

11.     Upon the assumption and assignment thereof, and except for allowed claims for cure amounts payable by the Debtor under an Assigned Agreement, each non-Debtor party to an Assigned Agreement shall be forever barred and enjoined from asserting against the Debtor, its bankruptcy estates or the Buyer: (a) any default, monetary or non-monetary, existing as of the Closing Date; or (b) any objection to the assumption and assignment of such non-debtor party's Assigned Agreements, regardless of whether such non-debtor party filed a proof of claim.

12.     Except as to the Assumed Liabilities, all claims, liens and encumbrances against Debtor or its assets shall attach to the proceeds of this sale.  Debtor shall promptly file a proposed Plan to provide for payment of the proceeds of this sale to its creditors, and the proceeds of sale shall not be used for any other purpose until said Plan has been proposed and confirmed or as otherwise approved by the Court.

13.     The Buyer is not a "successor" to the Debtor or its bankruptcy estate by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for, any liability or obligation of any of the Debtor and/or its estate including, any bulk sales law, successor liability or similar theory or law. Except to the extent the Buyer assumes the Assumed Liabilities pursuant to the APA, neither the purchase of the Purchased Assets by the Buyer, nor the fact that the Buyer is using any of the Purchased Assets previously operated by the Debtor, will cause the Buyer to be deemed a successor in any respect to the Debtor's businesses within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine.

14.     Consummation of the APA and the transactions contemplated therein do not effect a de facto merger or consolidation of the Debtor and the Buyer or result in the continuation of the Debtor's businesses under the Buyer's control. The Buyer is not the alter ego of, a successor in interest to, or a continuation of the Debtor, nor is the Buyer otherwise liable for any of the Debtor's debts and obligations, other than the Assumed Liabilities.

15.     Except to the extent expressly included in the Assumed Liabilities, pursuant to §§ 105 and 363, all persons and entities, including the Debtor, all creditors, equity security holders, the Debtor's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a claim,

encumbrance or interest of any kind or nature whatsoever against, in or with respect the Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of the Debtor's businesses prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such claim, encumbrance or interest against the Buyer or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Purchased Assets.

16.   To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtor with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.

17.   The Buyer under the APA is a buyer in good faith and subject to the provisions of § 363(m).

18.   Every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Sale Order.

19.   The Debtor is authorized to execute such documents and to undertake such other actions as are reasonably necessary or appropriate to complete the sale of the Purchased Assets.

20.   This Court shall and hereby does retain jurisdiction to (i) resolve any disputes, controversies, or claims arising out of or relating to the APA or the sale contemplated thereby, and (ii) interpret, implement, and enforce the provisions of this Order.

21.   The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under the Bankruptcy Code.

22.   Pursuant to Rule 6004(h), the fourteen (14) day stay is hereby suspended, and this Order is effective immediately.  Accordingly, notwithstanding any provision in the Bankruptcy Code or Bankruptcy Rules to the contrary:  (i) the terms of this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement, or

realization of the relief granted in this Order; and (iii) the Debtor may, in its reasonable discretion and without further delay, take any action and perform any act authorized under this Order.

Dated November 3, 2021                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court