# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| IN RE:<br><br>SUMMIT FAMILY RESTAURANTS INC.,<br><br>Debtor. | CASE NO. 21-13328 MER<br><br>CHAPTER 11 |
|---|---|
| **MOTION FOR RELIEF FROM AUTOMATIC STAY** | |

COMES NOW, Samuel Hernandez ("Movant"), through his attorney, Stephen E. Berken, Esq., and respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334(b). The motion is brought pursuant to 11 U.S.C. 362(d)(1) and (2) and is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.  Venue in this District of Colorado is proper pursuant to 28 U.S.C. §§1408 and 1409(a).

## PARTIES

3.  Movant is the Plaintiff in an age discrimination case and Americans with Disabilities Act pending in Federal Court.

4.  Debtor, Summit Family restaurants, Inc. (a/k/a Case Bonita), is the Defendant in a case styled *Samuel Hernandez v. Summit Family Restaurants, Inc. d/b/a Casa Bonita*, U.S. District Court for the District of Colorado, case number 20-cv-03156-LTB.

## STATEMENT OF FACTS

5.  On September 30, 2021, Movant filed a complaint in Jefferson County District Court, styled *Samuel Hernandez v. Summit Family Restaurants, Inc, d/b/a Casa Bonita*, case number 202CV31186. The case was later removed to the U.S. District Court for the District of Colorado, case number 20-cv-03156 LTB.

6.  With Debtor's filing for relief under Chapter 11, the litigation has been stayed.

1

7. The docket for the federal case reflects that:

    a. The complaint and answer were filed;
    b. The case was referred to a magistrate;
    c. A scheduling order was entered;
    d. A protective order was entered;
    e. Counsel for Debtor withdrew; and
    f. A joint status report was submitted.

8. In addition, the parties exchanged initial disclosures.

9. Movant filed a proof of claim on June 15, 2021, in the amount of $478,440.04. To date, the claim remains unliquidated.

10. On September 27, 2021, Debtor filed a motion to approve sale (styled *Motion to (a) approve purchase and sale agreement for the sale of substantially all of debtor's assets free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f);and (b) to assume and assign unexpired lease pursuant to 11 U.S.C. § 365(f)),* at docket number 132. Therein, the motion addressed the proof of claim filed by Movant. It correctly notes that the claim is not liquidated, and that proceeds from the sale of the restaurant are sufficient to retire the entire debt set forth on the proof of claim debt would be held until such time that the claim is liquidated. *See Motion*, page 2, ¶ 9.

11. An order approving the sale entered on November 3, 2021, at docket number 173.

## **REQUESTED RELIEF**

12. In order to liquidate the subject claim, Movant requests relief in order to proceed with the litigation pending in Federal Court.

## **AUTHORITY AND ARGUMENT**

13. The filing of a bankruptcy operates as a stay by operation of 11 U.S.C. §362, et. seq. of the Bankruptcy Code. The filing of a bankruptcy petition automatically stays any proceeding "against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceedings]." 11 U.S.C. § 362(a)(1). The core policy behind a bankruptcy stay is to prevent dissipation of the debtor's assets.

14. Relief from stay is permitted by the provisions of 11 U.S.C. § 362(d) which states in pertinent part:

>(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . "

11 U.S.C. § 362(d)(1).

15. A properly prepared proof of claim is prima facie evidence of the amount of the debt, FED. R. BANKR. P. 3001(f).

16. To date, no objection to the Movant's claim has been filed pursuant to FED. R. BANKR. P. 3007.

17. Movant seeks relief from stay to liquidate his claim in Federal court, where the matter is pending.

18. Movant does not seek with this motion, nor will he prosecute a claim in the future to collect from the Debtor outside the confines of a confirmed plan.

## **THE *CURTIS* FACTORS**

19. The case of *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984), the court established relevant factors to consider when deciding to modify the automatic stay to permit litigation in another forum. Those factors include:

> (1) Whether the relief will result in a partial or complete resolution of the issues;
> (2) The lack of any connection with or interference with the bankruptcy case;
> (3) Whether the foreign proceeding involves the debtor as a fiduciary;
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

>(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
>(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
>(12) The impact of the stay on the parties and the "balance of hurt."

*Id.* at 800.

20. Applying the *Curtis* factors to the case at bar:

>(1) Whether the relief will result in a partial or complete resolution of the issues;

Yes;

>(2) The lack of any connection with or interference with the bankruptcy case;

Based on the withdrawal of prior counsel, Debtor will be required to hire new counsel to defend itself. Regardless, within either the bankruptcy proceedings or in Federal court, the Debtor will be required to hire counsel;

>(3) Whether the foreign proceeding involves the debtor as a fiduciary;

Neither party is a fiduciary;

>(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

Judge Hegerty compiled a summary of cases tried in the U.S. District Court, District of Colorado for 2020. *See 2020: The Year in Review U.S. District Court District of Colorado*, Michael E. Hegerty, United States Magistrate Judge, July 16, 2021, attached hereto and incorporated herein by reference ("Survey.")

According to his survey, the District Court tried eight civil cases to jury verdicts in 2020 of the 3,857 civil lawsuits filed. *Id.*, at p. 3. The survey notes that four employment related cases were tried in 2020, representing 50 percent of all civil cases that went to a jury. *Id.*, at p. 13.

Debtor maintains that the Federal Court is best suited to determine whether the Creditor's claim is excluded from discharge under § 1328, et. seq., should either party raise the issue;

4

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

Movant is aware of no insurance coverage.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

Third parties and bailees are not involved;

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

Given that Debtor is to hold funds sufficient to satisfy the entire subject claim, Movant argues no prejudice to third parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

Equitable subordination is not a factor;

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

A judicial lien is not an issue;

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

Within the *time to trial* section of the Survey, "[t]he average time from case filing to jury trial for civil cases in 2020 was 36.1 months, a 16.6% increase from 30.97 months in 2019." *Survey*, at p. 5. Based on that statistic, Movant believes that the Bankruptcy Court would probably hear the matter sooner than the U.S. District Court.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

With regard to the matter pending in U.S. District Court, a scheduling order was entered and discovery commenced. *See Scheduling order*, attached hereto and incorporated herein by reference. Movant filed a motion for partial summary judgment, which was not ruled upon prior to the filing of the chapter 11

5

proceeding. *See Docket Sheet*, case number 20CV03156, attached hereto and incorporated herein by reference.

(12) The impact of the stay on the parties and the "balance of hurt."

In view of Debtor's representation that it has, or will, escrow sufficient funds to pay the entire claim, should it be completely allowed, and that Debtor will be required to hire counsel to defend itself in either the U.S. District Court or the U.S. Bankruptcy Court, Movant perceives no adverse implications upon the Debtor.

WHEREFORE, Movant respectfully requests entry of an order granting Relief from Automatic Stay from the Debtor and Debtor's Estate, pursuant to 11 U.S.C. § 362(d)(1) and/or (2), to continue Movant's prosecution of his claim in the U.S. District Court, District of Colorado, case number 20-cv-03156 LTB, and should a judgment enter for Movant, collect solely from and limited to funds allocated in the Debtor's confirmed chapter 11 plan.

Dated this 9th day of November 2021.

/s/ *Stephen E. Berken*
Stephen E. Berken #14926
Berken Cloyes PC
1159 Delaware Street
Denver, Colorado 80204
Tel: (303) 623-4357
Fax: (720) 554-7853
stephenberkenlaw@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2021, I served a complete copy of the foregoing **MOTION FOR RELEASE FROM STAY, proposed Order, Notice, and attachments** on the following parties via the U.S. Mail, postage prepaid, of via the court's electronic filing system/ecf to:

Jonathan M. Dickey
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264

Barbara Jill Layton Romney
c/o John Romney
401 Lafayette Park
Southlake, TX 76092

Robert Samuel Boughner, Esq.
US Trustee's Office
Byron G. Rogers Federal Building
1961 Stout Street Suite 12-200
Denver, CO 80294

Christopher C. Simpson, Trustee
Osborn Maledon PA
2929 North Central Ave Ste 2100
Phoenix, AZ 85012

Matthew D. Skeen, Jr., Esq.
217 East 7th Avenue
Denver, CO 80203

D. Lamar Hawkins, Esq.
Guidant Law Firm
402 East Southern Avenue
Tempe, AZ 85282

Patty Chan, Esq.
Office of the U.S. Trustee
230 North First Ave Ste 204
Phoenix, AZ 85003

Bradley D. Pack, Esq.
Engelman Berger, P.C.
2800 North Central Ave Ste 1200
Phoenix, AZ 85004

Christopher J. Dawes, Esq.
Fox Rothschild – Denver
1225 17th St Ste 2200
Denver, CO 80202

Patrick F. Keery, Esq.
Keery McCue, PLLC
6803 East Main St Ste 1116
Scottsdale, AZ 85251

Heather L. Ries, Esq.
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401-6159

Eric D. Goldberg, Esq.
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067

Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway 8th Floor
Denver, CO 80203

Save Casa Bonita LLC
c/o Patrick J. Bernal, Esq.
Michael Best & Friedrich LLP
8300 Arista Place
Broomfield, CO 80021-4872

Save Casa Bonita LLC
c/o Justin M. Mertz, Esq.
Michael Best & Friedrich LLP
790 North Water St Ste 2500
Milwaukee, WI 53202

*/s/ Sean Cloyes*

7