UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 21-13328-MER
SUMMIT FAMILY RESTAURANTS )
INC. )
) Chapter 11
) Subchapter V
Debtor. )

## DECLARATION IN LIEU OF DIRECT TESTIMONY WITH RESPECT TO CONFIRMATION OF DEBTOR'S AMENDED PLAN OF LIQUIDATION

In lieu of direct testimony, Robert E. Wheaton ("Mr. Wheaton"), through his undersigned counsel, makes the following offer of proof concerning confirmation of the Debtor's Amended Plan of Liquidation (the "Plan"). At the hearing on confirmation of the Plan, the Debtor would call Mr. Wheaton to testify as follows:

1. I am over the age of 18 years old and have personal knowledge of the information contained in this Offer of Proof.

2. I am the CEO and sole Director of Summit Family Restaurants, Inc. ("Summit" or "Debtor").

3. I believe the Plan provides the best solution for all creditors in this case. The Plan provides for the sale of the Debtor's interest in the restaurant, Casa Bonita to pay all Debtor's creditors in full under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. The Plan complies with all applicable provisions of the Bankruptcy Code. The Debtor mailed the Plan and ballot to all creditors and parties in interest for voting.

5. On the Petition Date, Summit owned and operated the famous Casa Bonita restaurant, located at 6715 W. Colfax Avenue, Lakewood, Colorado 80214.

6. After filing the Plan, and on November 3, 2021, the Court approved the sale of Summit's assets to The Beautiful OPCO, LLC for the sum of $3,100,000.00. The sale closed shortly thereafter. As per the Court's Order, Summit paid $900,000.00 of those funds to its former landlord, BSV Lamont JCRS LLC. The remaining funds are in Summit's Debtor-in-Possession account.

7. Summit's Plan provides that it will distribute the remaining funds to its allowed creditors in order of priority, which will be enough to pay all its creditors in full.

8. I am familiar with Summit's financial affairs and with all the pleadings filed in this case, including the Plan. I am also very familiar with Summit's assets and liabilities.

9. The Plan complies with all of the provisions of Chapter 11 of the Bankruptcy Code. Summit has filed its Voluntary Petition with the Bankruptcy Court, the Statement of Financial Affairs and Schedules (and amendments thereto), monthly operating reports, and has complied with all orders issued by the Bankruptcy Court. Summit prepared and filed the Plan. Summit mailed the Plan and ballots to all creditors and parties in interest for voting on the Plan.

10. The Plan has been proposed in good faith in an effort to repay unsecured creditors in this case more than they would otherwise receive in a Chapter 7 bankruptcy case.

11. All payments made by Summit in connection with the Bankruptcy case, including payments to bankruptcy counsel, have been approved by, or are subject to the approval of, this Court.

12. The Plan empowers me to take such action as may be necessary to perform the obligations under the Plan. On the Effective Date of the Plan, I, as the CEO and sole Director of the Debtor shall be appointed pursuant to 11 U.S.C § 1142 for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to the payment of creditors pursuant to the Plan.

13. There is no governmental regulatory commission with jurisdiction over any rates related to the Plan.

14. With respect to each impaired claim or interest, each holder of a claim or interest that has either voted for, or been deemed to accept the Plan. Because each class of creditors accepted the Plan, Summit requests the Plan be confirmed under 11 U.S.C. § 1191(a), which will allow me to make the distributions to creditors under the Plan.

15. Under a Chapter 7 analysis, general unsecured creditors would also be paid in full, but later and after a Chapter 7 Trustee incurred additional administrative expenses.

16. Each class of claims or interests, has accepted the Plan, is deemed to have accepted the Plan, or is not impaired by the Plan. At least one class of claims that is impaired by this Plan has voted to accept the Plan, without including any acceptance of the Plan by any insider. The

Debtor has filed a Ballot Report with the Court. The voting results show that every creditor who has voted on the Plan has voted to accept the Plan.

17. Tax claimants pursuant to 11 U.S.C. § 507(a)(8) shall be paid on the Effective Date of the Plan or as otherwise agreed to by the taxing authorities.

18. It is unlikely that confirmation of the Plan will be followed by liquidation or the need for further financial reorganization. Summit will have sufficient cash on the Effective Date to pay all creditors in full, and Summit will not make any distributions to equity until its disputed claims have been paid in full.

19. Summit does not provide retirement benefits.

20. Summit is not subject to a judicial or administrative order to pay a domestic support obligation.

The foregoing Declaration is true and correct to the best of my knowledge and belief.

IN ACCORDANCE WITH 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOREGOING DECLARATION AND THE STATEMENTS THEREIN AND, TO THE BEST OF MY KNOWLEDGE, THE DECLARATION AND THE STATEMENTS THEREIN ARE TRUE, CORRECT AND COMPLETE.

DATED: November 22, 2021

SUMMIT FAMILY RESTAURANTS, INC.

By: Robert E. Wheaton
Its: CEO