IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 21-13328-MER |
| SUMMIT FAMILY RESTAURANTS INC. | ) ) | |
| | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtor. | ) | |

### ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF LIQUIDATION DATED OCTOBER 6, 2021 FOR SMALL BUSINESS UNDER CHAPTER 11, SUBCHAPTER V

The Amended Plan of Liquidation Dated October 6, 2021 for Small Business Under Chapter 11, Subchapter V ("Plan"), filed by the debtor, Summit Family Restaurants, Inc. ("Summit"), having come before the Court for confirmation, the Court having considered the Debtor's offer of proof, finding no objections to confirmation have been filed, and the Court having reviewed the file and being otherwise advised, hereby finds and Orders as follows:

1. That the Debtor has complied with all applicable provisions of Chapter 11, Subchapter V, and the Plan meets the requirements of Sections 1190 and 1191(a) of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Plan along with their relationships to the Debtor.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code.

6. That all payments made or promised by the Debtor under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

7. That all attorneys' fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Debtor has filed a Ballot Report (Docket No. 184) which provided, in part, as follows:

    a. <u>Class 1A.</u> Allowed Administrative Claims. Class 1A is not impaired. The Debtor did not receive any votes in this class. Under 11 U.S.C. § 1126(f), Class 1A is conclusively presumed to have accepted the Plan.

    b. <u>Class 1B.</u> Allowed Priority Tax Claims. Class 1B is not impaired. The Debtor did not receive any votes in this class. Under 11 U.S.C. § 1126(f), Class 1B is conclusively presumed to have accepted the Plan.

    c. <u>Class 2A</u>. The Allowed Secured Claim of the IRS. Class 2A is not impaired. The Debtor did not receive any votes in this class. Pursuant to 11 U.S.C. § 1126(f), Class 2A is conclusively presumed to have accepted the Plan.

    d. <u>Class 2B</u>. The Allowed Secured Claim of Jefferson County. Class 2B is not impaired. The Debtor received a vote from the only creditor in Class 2B accepting the Plan. Pursuant to 11 U.S.C. § 1126(c), Class 2B has voted to accept the Plan.

    e. <u>Class 2C.</u> The Allowed Secured Claim of the U.S. Small Business Administration. Class 2C is not impaired. Debtor has not received any votes in this class. Pursuant to 11 U.S.C. § 1126(f), Class 2C is conclusively presumed to have accepted the Plan.

    f. <u>Class 3A.</u> Allowed unsecured claims. Class 3A is impaired. Debtor received 2 votes from creditors in Class 3A, both of whom voted to accept the Plan. Pursuant to 11 U.S.C. § 1126(f), Class 3A is conclusively presumed to have accepted the Plan.

    g. <u>Class 3B.</u> The Allowed Claim of BSV. According to the Plan, the Class 3B claim of BSV is impaired. As noted in the Plan, however, BSV is to be paid the sum of $900,000.00 upon the closing of the sale of Debtor's assets. Said closing occurred and BSV was paid. Regardless, BSV did not submit a ballot. Thus, Class 3B is deemed to have accepted the Plan. <u>In re Ruti Sweetwater</u>, 836 F.2d 1263 (10th Cir. 1988).

    h. <u>Class 4A</u>. The Debtor's equity interest. Class 4A is not impaired under

the terms of the Plan. The Debtor received a vote from the equity class accepting the Plan. Pursuant to 11 U.S.C. § 1126(c), Class 4A has voted to accept the Plan.

9. That on the Effective Date of the Plan all property of the estate shall revest in the Debtor free and clear of all liens except those specifically set forth in the Plan or this Order.

10. That the Debtor shall receive a discharge upon the Effective Date of the Plan of all claims in accordance with 11 U.S.C. §§ 1141(d), 1191(a), and 1192. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

11. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §§ 1129 and 1191(a).

12. This Court retains jurisdiction over the approval and payment of the administrative claims of all professionals.

IT IS HEREBY ORDERED

That the Amended Plan of Liquidation Dated October 6, 2021 for Small Business Under Chapter 11, Subchapter V, filed by the Debtor is hereby CONFIRMED.

DONE and entered this 29th day of November, 2021 at Denver, Colorado.

BY THE COURT:

Honorable Michael E. Romero
United States Bankruptcy Court Judge

3